{¶ 17} While I agree with the majority's recitation of the facts, I believe that the majority has misapplied the law and I therefore respectfully dissent. The majority improperly starts the speedy trial clock on the date of the investigatory arrest even though, as the majority concedes, Kissee was released from custody on the same day and was not charged with an offense until February 18, 2002. In a recent decision, we said that "[t]his court has held on several occasions that when a defendant is arrested but released without charges being filed, the time for the speedy trial does not run from the time of arrest, but from the time charges are formally filed." City of Cleveland v. Baker
(Aug. 15, 2002), Cuyahoga App. No. 80955. Here, Kissee was "arrested but released without charges being filed" on December 1, 2001. Therefore, the speedy trial time should not have started until the charges were brought on February 18, 2002.
 {¶ 18} The overriding concern of speedy trial violations is liberty. See United States v. Loud Hawk (1986), 474 U.S. 302, 310-312. Therefore, the majority's concerns about delays and inconvenience, while not unimportant, are ultimately irrelevant to speedy trial analysis. The relevant questions are (1) whether Kissee was subject to a formal indictment and, if not, (2) whether he was subject to "actual restraints
imposed by arrest and holding to answer a criminal charge." Marion, supra, at 320 (emphasis added). It is undisputed that no formal charges were brought against Kissee until February 18, 2002. (As the majority states, the blood test showed that Kissee's blood alcohol content was less than the statutorily prohibited level and so he was not formally charged on December 1, 2001.) Further, after Kissee was released on the same night that he was arrested, he was not subject to "actual restraints" nor was he being held to answer a criminal charge.
 {¶ 19} The majority does not dispute that Kissee was released from arrest, but rather, states that it is "abundantly clear" that Kissee was an "accused" as of December 1, 2001. The majority fails to explain how Kissee could have been an "accused" when he was arrested for investigative purposes only (i.e., not for the purposes of answering criminal charges), was not charged with any offense, and was immediately released. In fact, Kissee was never subject to "actual restraints imposed by arrest and holding to answer a criminal charge" on December 1, 2001,Marion at 320 (emphasis added), and he was not an "accused" until February 18, 2002.
 {¶ 20} Later in its opinion, the majority implicitly concedes that Kissee was not an "accused until February 18, 2002," but finds that the delay in bringing charges is troublesome since the police did not need that much time to investigate. Again, under a speedy trial analysis, that delay is troublesome only if Kissee had been under arrest or subject to charges. As the Supreme Court stated in discussing the Sixth Amendment, "The Speedy Trial Clause does not purport to protect a defendant from all effects flowing from a delay before trial. The Clause does not, for example, limit the length of a pre-indictment criminal investigation even though `the [suspect's] knowledge of an ongoing criminal investigation will cause stress, discomfort, and perhaps a certain disruption in normal life.'" Loud Hawk, at 311-312, quoting United States v. MacDonald
(1982), 456 U.S. 1, 9. (In Loud Hawk, numerous dismissals and interlocutory appeals resulted in a delay of over seven years from the date of the original indictment to the scheduled date of trial. The matter came before the Supreme Court after the district court again dismissed the indictment, holding that the defendants' speedy trial rights had been violated. The Supreme Court held that the speedy trial clock runs when one is under arrest or subject to formal charges. The Court then concluded that the speedy trial clock did not run during the time periods when the charges had been dismissed because, during those times, the defendants were not "incarcerated or subjected to other substantial restrictions on their liberty[,]" nor were they subject to charges.)
 {¶ 21} Because Kissee was not incarcerated or subjected to other substantial restrictions on his liberty and was not charged with an offense until February, I would hold that the speedy trial clock started running on February 18, 2002, which was well within 90 days of the scheduled commencement of trial, April 8, 2002.
 {¶ 22} I therefore respectfully dissent.